1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HARRISON BURTON,                          No.  2:13-cv-02123 DAD P

12                  Plaintiff,

13       v.                                     ORDER

14   F. FOULK, et al,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §

21   636(c).  (See ECF No. 4.)

22   **I.  In Forma Pauperis Application**

23          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                          1

1    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5    1915(b)(2).

6    **II.  Screening Requirement**

7         The court is required to screen complaints brought by prisoners seeking relief against a

8    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

9    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

10   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

11   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

21   fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.

22   Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   However, in order to survive dismissal for failure to state a claim a complaint must contain more

24   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

26   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

27   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

28   /////

2

1   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

2   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3         The allegations in plaintiff's complaint are so vague and conclusory that the court is

4   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

5   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

6   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

7   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

8   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

9   with at least some degree of particularity overt acts which defendants engaged in that support his

10  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

11  8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an

12  amended complaint to attempt to cure the deficiencies of his complaint and below will provide

13  him some guidance regarding the legal standards applicable to the claims it appears he is

14  attempting to pursue.

15  **III. Governing Legal Standards**

16        A.  Supervisory Defendants and Defendants Sued in Their Official Capacities

17        The Civil Rights Act under which this action was filed provides as follows:

18              Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
19              deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
20              law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

27  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28  /////

3

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2    their employees under a theory of respondeat superior and, therefore, when a named defendant

3    holds a supervisorial position, the causal link between him and the claimed constitutional

4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Therefore, in any amended

8    complaint he elects to file, plaintiff must provide further factual allegations concerning the

9    alleged involvement of defendants Warden Foulk, Associate Warden Plainer, and any other

10   defendant holding a supervisorial position in the claimed constitutional violations.

11   Plaintiff is also advised that claims seeking monetary damages brought against defendants

12   sued in their official capacities are barred by the Eleventh Amendment.  See Will v. Michigan

13   Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official

14   capacity is not a suit against the official but rather is a suit against the official's office.  As such, it

15   is no different from a suit against the State itself.") (citations omitted); Aholelei v. Dept. of Public

16   Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money

17   damages in federal court against a state, its agencies, and state officials acting in their official

18   capacities.").  However, the bar against claims for money damages against those sued in their

19   official capacities does not extend to claims for prospective relief.  See Ex Parte Young, 209 U.S.

20   123, 155-56 (1908).

21   B. Destruction of Personal Property

22   In his complaint plaintiff alleges that defendants Pine, Cisnero and Whittaker destroyed

23   his typewriter and television during a search of his.  Plaintiff also alleges that this cell search did

24   not comply with procedures and policies.

25   The United States Supreme Court has held that "an unauthorized intentional deprivation

26   of property by a state employee does not constitute a violation of the procedural requirements of

27   the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy

28   for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state

4

1   provides a meaningful post-deprivation remedy, only authorized, intentional deprivations

2   constitute actionable violations of the Due Process Clause.  An authorized deprivation is one

3   carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall,

4   773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

5   1149 (9th Cir. 1987).

6        In his original complaint plaintiff has not alleged any facts which suggest that the claimed

7   deprivation of property was authorized.  The California Legislature has provided a remedy for tort

8   claims against public officials in the California Government Code, §§ 900, et seq.  Since it

9   appears that plaintiff has not attempted to seek redress under state law through the procedure

10  provided, he cannot sue in federal court on the claim that the state deprived him of property

11  without due process of the law.  Therefore, in any amended complaint he elects to file, plaintiff

12  should consider not including this claim.

13       C.  Improper Processing of Inmate Grievances

14       Plaintiff contends that his inmate grievances were not processed and that he was not

15  notified when issues on appeal were bifurcated for review.  Such claims are not cognizable.

16       Prisoners have no stand-alone due process rights related to the administrative grievance

17  process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); see also Ramirez v. Galaza, 334

18  F.3d 850, 860 (9th Cir.2003) (holding that there is no liberty interest entitling inmates to a

19  specific grievance process).  Put another way, prison officials are not required under federal law

20  to process inmate grievances in a specific way or to respond to them in a favorable manner.

21  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable

22  civil rights claim for a violation of his due process rights based on allegations that prison officials

23  ignored or failed to properly process his inmate grievances.  See, e.g., Wright v. Shannon, No.

24  1:05–cv–01485–LJO–YNP PC, 2010 WL 445203, at * 5 (E.D. Cal. Feb.2, 2010) (plaintiff's

25  allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable

26  claim under the First Amendment); Williams v. Cate, No. 1:09–cv–00468–OW W–YNP PC,

27  2009 WL 3789597, at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in

28  the vindication of his administrative claims.").

D. Access to Court Claims

It appears that plaintiff may be is claiming that his right of access to the courts was violated because of the destruction of his legal property.  If so, the following legal standards govern such a claim.

The Ninth Circuit has identified two types of access to court claims:  "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference."  Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011).  As to a prisoner's right to affirmative assistance, the right of access to the courts requires prison officials to assist prisoners "in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Id. (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)).  As to a prisoner's right to litigate without active interference, the right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons'" to file civil actions that have a "reasonable basis in law or fact."  Id. at 1102 (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) and John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)).  A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "'actual injury,' – that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  Lewis v. Casey, 518 U.S. 343, 348 (1996).  See also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).  If plaintiff decides to proceed with a claim that his right of access to the courts was interfered with in an amended complaint, he must provide factual allegations that, if proven, would demonstrate that he suffered an actual injury under the standard set forth above.

E. Retaliation

It appears that plaintiff may also be attempting to allege that he suffered retaliation because of the inmate grievances he submitted and other complaints that he made about correctional staff.  If so, the following legal standards apply to such a claim.

/////

1    It is well-established that prison inmates have a constitutional right to freedom from

2    retaliation for engaging in activity protected by the First Amendment, including pursuing '"civil

3    rights litigation in the courts.'"  Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (quoting

4    Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)).  A prisoner retaliation claim has five

5    elements.  First, plaintiff must show that he engaged in conduct protected by the First

6    Amendment.  See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).  Second, a "plaintiff

7    must claim that the defendant took adverse action against the plaintiff."  Id. (citing Rhodes, 408

8    F.3d at 567).  "The adverse action need not be an independent constitutional violation."  Id.

9    (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Third, plaintiff must show a causal

10   connection between the protected conduct and the adverse action.  Id.  Fourth, the plaintiff must

11   prove either a chilling effect on the exercise of First Amendment rights or some other harm.  Id.

12   Finally, plaintiff must show that the retaliatory action '"did not advance legitimate goals of the

13   correctional institution.'"  Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

14   If plaintiff elects to file an amended complaint which contains a retaliation claim, he must

15   therein allege facts clarify what protected conduct he is claiming he was engaged in and the

16   adverse action that was imposed on him by the named defendants.

17   F. Harassment

18   "Not every governmental action affecting the interests or well-being of a prisoner is

19   subject to Eighth Amendment scrutiny, however."  Whitley v. Albers, 475 U.S. 312, 319 (1986).

20   It is "unnecessary and wanton infliction of pain" that constitutes cruel and unusual punishment

21   forbidden by the Eighth Amendment.  Id.  See also Ingraham v. Wright, 430 U.S. 651, 670

22   (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  "It is obduracy and wantonness, not

23   inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and

24   Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

25   In his original complaint plaintiff alleges that the defendants subjected him to racial slurs,

26   threats and verbal abuse.  However, verbal harassment or abuse alone is not sufficient to state a

27   cognizable claim under § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987), and,

28   likewise, threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923,

7

1   925 (9th Cir. 1987).  Such conduct is unprofessional but does not violate the Eighth Amendment.

2       Plaintiff alleges that defendant Barnes placed his food on his unsanitary cell floor after his

3   cell had been sprayed with pesticides.  It is well established that a prison official's deliberate

4   indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual

5   punishment clause of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994);

6   Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991);

7   Estelle v. Gamble, 429 U.S. 97, 104 (1976).  There are both objective and a subjective

8   requirement which must be met in bringing a claim based on a violation of the Eighth

9   Amendment claim.  First, as to the objective requirement, "the inmate must show that he is

10  incarcerated under conditions posing a substantial risk of serious harm."  Farmer, 511 U.S. at 834.

11  Second, the prison official must have a sufficiently culpable state of mind.  See id.  Here, the state

12  of mind is one of deliberate indifference.  See id.   A prison official who knows of and disregards

13  an excessive risk to the inmate's health or safety demonstrates deliberate indifference.  See id. at

14  837.  Thus, "the official must both be aware of facts from which the inference could be drawn

15  that a substantial risk of serious harm exists, and he must also draw that inference."  Id.

16  However, an official that knows of a substantial risk to an inmate's health or safety but acts

17  reasonably under the circumstances will not be held liable under the cruel and unusual

18  punishment clause, even if the threatened harm results.  See id. at 843.

19      In light of these legal standards, in any  amended complaint plaintiff elects to file he must

20  allege facts demonstrating that he faced a substantial risk of serious harm, that the named

21  defendants knew of and disregarded that risk of harm to plaintiff, and that the actions of the

22  defendants in response to that situation were not reasonable.  Plaintiff should also consider

23  alleging facts explaining how often and how long his food was served in the manner he alleges,

24  whether the food was in a tray or dish and covered or uncovered, and the circumstances that

25  resulted in his food being served in his cell rather than in the dining facility.

26      G.  Fourth Amendment Claim

27      The Fourth Amendment prohibits unreasonable search and seizures; however, it does not

28  apply to cell searches.  See Hudson, 468 U.S. at 526 ("[T]he Fourth Amendment proscription

8

1    against unreasonable searches does not apply within the confines of the prison cell.  The

2    recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled

3    with the concept of incarceration and the needs of objectives of penal institutions.")  Therefore, in

4    any amended complaint he elects to file, plaintiff should not include a claim alleging a violation

5    of his Fourth Amendment rights based on the alleged search of his cell by prison officials.

6    **IV. Amended Complaint**

7         In addition, if plaintiff chooses to file an amended complaint he must allege facts

8    demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

9    constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any

10   amended complaint must allege in specific terms how each named defendant was involved in the

11   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

12   some affirmative link or connection between a defendant's actions and the claimed deprivation.

13   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

14   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

15   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

16   F.2d 266, 268 (9th Cir. 1982).

17        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

18   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

19   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

20   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

21   Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

22   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

23   and the involvement of each defendant must be sufficiently alleged.

24   **V. Request for Appointment of Counsel**

25        Plaintiff has also asked that the court appoint counsel to represent him in this action.  The

26   United States Supreme Court has ruled that district courts lack authority to require counsel to

27   represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

28   298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.  Accordingly, his motion for appointment of counsel will be denied at this time.

**VI. Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 12, 2013 request for leave to proceed in forma pauperis (ECF No. 5) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.  Plaintiff's complaint filed October 15, 2013 is dismissed;

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice;

5.  Plaintiff's October 15, 2013 motion for the appointment of counsel (ECF No. 3) is denied without prejudice; and

1    6.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint

2  for a § 1983 action.

3  Dated:  May 5, 2014

4

5                                                          DALE A. DROZD
                                                           UNITED STATES MAGISTRATE JUDGE
6  DAD:4
   burt2123.14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11