UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BURTON,<br><br>             Plaintiff,<br><br>   v.<br><br>F. FOULK, et al,<br><br>             Defendants. | No.  2:13-cv-02123 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed May 6, 2014, the complaint was dismissed and plaintiff was granted leave to file an amended complaint.  Plaintiff subsequently filed a first amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10  However, in order to survive dismissal for failure to state a claim a complaint must contain more

11  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12  allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  In

13  reviewing a complaint under this standard, the court must accept as true the allegations of the

14  complaint.  See Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must

15  also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the

16  plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17       Plaintiff is currently incarcerated at the R.J. Donavan Correctional Facility in San Diego,

18  California.  The acts giving rise to plaintiff's claims allegedly took place while plaintiff was

19  incarcerated at High Desert State Prison ("HDSP") in Susanville, California.

20       In his original complaint, plaintiff asserted claims against the following HDSP personnel:

21  Warden Foulk, Associate Warden Plainer, Captain Perry, Sergeants Chandler and Stanfee,

22  Appeals Coordinators L. Lopez and T. Robertson, Correctional Supervising Cook Riley, and

23  Correctional Officers W. Pine, R. Cisnero, J. Chenoweth, Whitaker, Cross, Lawrence, and

24  Barnes.  Upon initial screening, the undersigned found that plaintiff had failed to state a

25  cognizable claim for relief against any of these defendants, for the following reasons:

26       • Claims against Warden Foulk and Associate Warden Plainer premised on their

27          liability as supervisors were dismissed based on plaintiff's failure to plead

28          sufficient factual allegations to implicate these defendants' personal involvement

in the challenged acts. Monetary claims against these defendants in their official capacity were dismissed under the Eleventh Amendment. (ECF No. 6 at 4.)

- Claims against defendants Pine, Cisnero, and Whittaker for destruction of plaintiff's personal property were dismissed because the California Government Code provides a meaningful post-deprivation remedy in the form of tort claims against public officials. (Id. at 4-5.)

- Claims concerning improper processing of plaintiff's inmate grievances were dismissed because federal law does not confer upon inmates any rights related to the grievance process. (Id. at 5.)

- Claims premised upon denial of plaintiff's right of access to the courts due to the destruction of his legal materials were dismissed because of plaintiff's failure to allege facts demonstrating an actual injury stemming from the destruction of his property. (Id. at 6.)

- Claims based on alleged retaliation against plaintiff were dismissed due to the complaint's failure to allege facts demonstrating that (i) plaintiff engaged in protected conduct and (ii) one or more defendants took specific adverse actions causally connected to the protected conduct. (Id. at 6-7.)

- Claims premised on racial slurs, threats, and verbal abuse directed at plaintiff were found, based on the allegations pled, not to rise to the level of an Eighth Amendment violation. (Id. at 7-8.)

- A claim that defendant Correctional Officer Barnes placed plaintiff's food on an unsanitary cell floor after the cell had been sprayed with pesticides was dismissed because plaintiff failed to "allege facts demonstrating that he faced a substantial risk of serious harm, that the named defendants knew of and disregarded the risk of harm to plaintiff[,] that the actions of the defendants in response to that situation were not reasonable[, as well as] facts explaining how often and how long his food was served in the manner he alleges, whether the food was in a tray or dish and covered or uncovered, and the circumstances that resulted in his food being served

in his cell rather than in the dining facility." (Id. at 8.)

- A constitutional claim stemming from allegedly-unlawful cell searches was dismissed because prison inmates have no Fourth Amendment protections against unreasonable searches of their cells and personal property. (Id. at 8-9.)

On July 7, 2014, plaintiff filed a first amended complaint, in which he seeks to proceed only against defendants Correctional Officers Cisnero and Pine. Despite the fact that plaintiff has narrowed his claims, however, the first amended complaint must be dismissed for many of the same reasons set forth in the court's prior screening order.

In his amended complaint plaintiff alleges that defendants Cisnero and Pine scattered "his legal papers and legal books . . . all over the cell" while plaintiff was meeting with an attorney. (ECF No. 6 at 9-10.) Plaintiff later in the amended complaint characterizes his legal papers and books as having been "destroyed." (Id. at 10-11.) Plaintiff also alleges that defendants Cisnero and Pine damaged his typewriter. (Id. at 10-11.) According to plaintiff when he asked the defendants why they had committed these acts, defendant Pine stated only that "they [i.e., defendants Cisnero and Pine] would be back." (Id.) According to plaintiff, the named defendants gave no other response. (Id.)

Plaintiff also alleges that defendants Cisnero and Pine damaged his television, personal photos, and letters. (Id. at 10, 11.) These are the sole allegations in the first amended complaint concerning the named defendants. Much of the rest of plaintiff's first amended complaint details plaintiff's attempts to seek restitution from the California Government Claims Board ("Board") for his damaged and destroyed property. The Board ultimately denied plaintiff's claims.[1] (Id. at 12 -14.)

---

[1] In other words, there is no allegation that the state of California failed to provide plaintiff with constitutionally-adequate process to remedy the claimed property loss, meaning that plaintiff cannot bring a § 1983 due process claim premised exclusively on the damage to, or destruction of, his property. See Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.")

The allegations of plaintiff's first amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.

It may be that plaintiff is attempting to allege that defendants Cisnero and Pine retaliated against him for engaging in protected activity, such as filing inmate grievances and/or pursuing civil rights litigation. If so, the following standards apply to such a claim. It is well-established that prison inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment. Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005). A prisoner retaliation claim has five elements. First, plaintiff must allege and show that he engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must allege and show a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, plaintiff must allege and show that the retaliatory action "'did not advance legitimate goals of the correctional institution . . . .'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

The court infers that the alleged damage to plaintiff's property may constitute adverse action. Therefore, if plaintiff elects to file a second amended complaint containing a retaliation claim, he must allege additional facts clarifying (i) what protected conduct he was engaged in, (ii) a causal connection between the protected conduct and the damage to his property, (iii) the chilling effect on the exercise of his First Amendment rights or other harm he suffered as a result of the damage to his property, and (iv) that the damage to his property did not advance the legitimate goals of HDSP.

It may also be that plaintiff is attempting to bring a claim against defendants Cisnero and Pine for interference with his right of access to the courts, based on damage to his legal materials and/or his typewriter. The right of access to the courts "forbids states from 'erect[ing] barriers

5

that impede the right of access of incarcerated persons'" to file civil actions that have a "'reasonable basis in law or fact.'" Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380 F.3d 279, 290 (7th Cir. 2004) and John L. v. Adams, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "'actual injury,' – that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis v. Casey, 518 U.S. 343, 348 (1996). See also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada Dept. of Corrs. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). If plaintiff decides to proceed with a claim that his right of access to the courts was interfered with in a second amended complaint, he must provide factual allegations that, if proven, would demonstrate that he suffered an actual injury under the standard set forth above.

Although the Federal Rules adopt a flexible pleading policy, under Federal Rule of Civil Procedure 8(a)(2), a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the first amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to continue to pursue this action by filing a second amended complaint, he must allege therein facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any second amended complaint plaintiff may elect to file must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    Finally, plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior complaints no longer serve any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

Dated: September 3, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
burt2123.14am.dad