UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON BURTON,

                Plaintiff,

    v.

F. FOULK, et al.,

                Defendants.

No.  2:13-cv-2123 DB P

ORDER

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel, stating that he is mentally impaired.  (ECF No. 20).  This is plaintiff's second request.

Plaintiff's first request for appointment of counsel was filed on October 15, 2013.  (ECF No. 3).  At that time, the court denied the request without prejudice, noting that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases, and finding that the required exceptional circumstances necessary to support the appointment of counsel did not exist.  (See ECF No. 6).

As stated at that time, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's current request for the appointment of counsel provides little more in support of it than his October 2013 request provided.  The only marked difference between the two motions is that plaintiff currently states that he is mentally impaired, and that as a result, he is unable to do legal work on his own.  (See ECF No. 20 at 2).

Despite plaintiff's mental health claims, the court notes that for the past four years, plaintiff has been able to manage his case adequately without the assistance of counsel. Specifically, plaintiff has submitted two amended complaints articulating his claims clearly enough for some of them to survive statutory screening. (see ECF Nos. 11, 15).  Plaintiff comprehends his obligations in this matter clearly enough to understand the need for and then request extensions of time to file the requisite documents in this case (see ECF Nos. 9, 13). Given these facts, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 20) is denied.

Dated:  December 8, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/burt2123.31.db.ac

2