UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BURTON,<br><br>    Plaintiff,<br><br>    v.<br><br>F. FOULK, et al.,<br><br>    Defendants. | No. 2:13-cv-2123 DB P<br><br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. (ECF No. 29). This is plaintiff's third request. (See ECF Nos. 3, 20).

    In support of this motion to appoint counsel, plaintiff asserts that the issues in his case are complex and that they will require significant research and investigation. (ECF No. 29 at 1-3). In addition, plaintiff contends that he has limited access to the law library and limited knowledge of the law. (Id. at 2). He further contends that his status as a prisoner pro se litigant has impeded his ability to receive personnel records that are vital to his case. (Id. at 5). Finally, plaintiff provides the name of an attorney he would like the court to appoint for him. (Id. at 1).

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 29) is DENIED.

Dated: November 28, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/burt2123.31(3)

2