UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON BURTON,

    Plaintiff,

v.

F. FOULK, et al.,

    Defendants.

No. 2:13-cv-2123 DB P

ORDER

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 12, 2018, plaintiff filed a motion to compel, regarding his request for production ("RFP"). (ECF No. 28). On November 2, 2018, defendants filed an opposition to plaintiff's motion. (ECF No. 30). For the reasons stated below, the court shall deny plaintiff's motion to compel in its entirety.

**I.    RELEVANT FACTS**

On October 2, 2015, plaintiff filed a second amended complaint ("SAC"). (ECF No. 15). In it, plaintiff lodged claims of retaliation and excessive force against defendant Chenoweth. (See id. at 10-11; see also ECF No. 18 at 5 (court identifying viable claims made by plaintiff)).

////

The SAC asserts that in June 2011, Chenoweth retaliated against plaintiff in violation of his rights when he told plaintiff that if he went to the law library, he would be written up with a rule violation report. (See ECF No. 15 at 10). Thereafter, plaintiff was denied law library privileges for months until a February 2012 court order directed the prison to give plaintiff access to the law library. (See id. at 10-11).

Defendants filed their answer on June 7, 2018, and on July 6, 2018, a discovery and scheduling order issued. (ECF Nos. 24, 25). The instant motion to compel was filed on October 12, 2018 (ECF No. 28), and on November 2, 2018, defendants filed their opposition. (ECF No. 30). The motion is fully briefed and ready for review.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion states that Chenoweth failed to fully produce information regarding his alleged prior misconduct. (See ECF No. 28 at 1-3). Plaintiff asserts that this information is relevant and/or admissible because it may show that Chenoweth had a motive to be hostile to prisoners and/or had the intent to harm prisoners who are outspoken. (See id. at 2-3). Plaintiff asserts that this information may also show that Chenoweth acted with the requisite intent to support a damage award. (See id. at 3, 6). He contends that the fact that such information was not public record does not protect it from discovery under federal law. (See id. at 6).

Plaintiff asserts that his need for this is compelling and outweighs the policies favoring secrecy. (See ECF No. 28 at 5). Also, to the extent that High Desert State Prison's ("HDSP") personnel manager, S. Campbell has also asserted a "self-critical analysis" privilege,[1] plaintiff argues that it should be given limited application and not be applicable to underlying facts or routine internal review of matters related to safety concerns. (See id. at 5).

The motion objects to the declaration of personnel manager S. Campbell, which asserts the official information privilege in support of defendants' responses to plaintiff's requests for production. (ECF No. 28 at 1). Plaintiff contends that when asserting the privilege, Campbell is

---

[1] It is unclear to what plaintiff is referring in personnel manager Campbell's declaration when plaintiff references a "self-critical analysis privilege." A review of Campbell's declaration does not appear to mention this. (See ECF No. 30 at 11-15) (Campbell's declaration).

2

obligated to prove that the information requested is, in fact, privileged. (See id. at 2).

Finally, plaintiff complains that manager Campbell asserts in his declaration that plaintiff's pro se and prisoner status prevent him from producing the requested information. If so, plaintiff's prisoner status makes it "impossible" to take discovery adequately. (See ECF No. 28 at 7). Consequently, plaintiff asks the court to appoint counsel for him for the limited purpose of discovery. (See id. at 7).

**III.   DEFENDANTS' OPPOSITION**

In response, defendants state that plaintiff has failed to identify which of Chenoweth's responses are problematic. (ECF No. 30 at 2). Nonetheless, defendants infer that plaintiff takes issue with Chenoweth's responses to RFPs, numbers 1, 4, and 6. (See ECF No. 30 at 2-6).

Defendants make the following arguments: (1) Chenoweth has identified each specific objection and the reasoning behind it; (2) Chenoweth has asserted the official information privilege and in support of it, has submitted the requisite declaration; (3) some of plaintiff's requests – e.g., the ones that request information regarding prior or subsequent "assaults" by Chenoweth, – are too ambiguous; (4) other requests – e.g., ones in which plaintiff requests documents indicating that Chenoweth misused force in the past – are irrelevant because they are inadmissible to the extent they would be used to impeach defendant Chenoweth's character; (5) grievances and complaints filed against Chenoweth would be more prejudicial than probative as inmates' claims are subjective and not necessarily substantiated; (6) it is unclear how plaintiff will utilize the documents, and their potential distribution to the inmate population could lead to Chenoweth being targeted; (7) plaintiff's request(s) cover a wide range of documents and information over a period of six years and plaintiff has not indicated why any of it would be relevant to his action; (8) plaintiff has already received some of the information requested – e.g., information regarding Chenoweth's training – via interrogatories.

Therefore, production of similar information in document form would be duplicative, and (9) the production of the responsive documents plaintiff has requested, would have to be heavily redacted in order to avoid giving plaintiff any sensitive information about Chenoweth. (See ECF No. 30 at 2-6).

## IV. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 37(a)(3)(B): Failure to Cooperate in Discovery

Federal Rule of Civil Procedure 37(a)(3)(B)(iii)-(iv) states:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
>
> . . . .
>
> **(3)** *Specific Motions.*
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> . . . .
>
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

### B. Federal Rule of Civil Procedure 26(b)(1)-(2): Scope of Discovery

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b). The current Rule states in relevant part:

> **(b) Discovery Scope and Limits.**
>
> *(1) Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> *(2) Limitations on Frequency and Extent.*
>
> . . . .
>
> **(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

     **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(1), (2)(c)(i), (iii).

  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability. In 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery. Discovery must also be proportional to the needs of the case.

  A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied, and they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

**V. DISCUSSION**

 **1. Plaintiff's RFP 1**

  In RFP 1, plaintiff requests any and all grievances, complaints, or other documents received by defendants concerning the mistreatment of inmates by Chenoweth. (ECF No. 28 at 25). The court agrees with defendants' argument that this request is overbroad and is not relevant to either party's claims or defenses. (See ECF No. 30 at 3, 18).

  Plaintiff must show that Chenoweth's adverse action chilled the exercise of plaintiff's First Amendment rights. See generally Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). A finding of excessive force requires plaintiff to show that the force Chenoweth used when he sprayed plaintiff with pepper spray was done maliciously and sadistically to cause harm.

See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).

Acquiring documents from all four defendants that include any and all grievances, complaints or other documents received by them or their agents at HDSP that are related to Chenoweth's mistreatment of other inmates will not help plaintiff solidify his First Amendment claim. This is because they will not show that Chenoweth pepper sprayed plaintiff because plaintiff had engaged in protected conduct of say, for example, plaintiff filing grievances.

Obtaining these documents from all four defendants will not help plaintiff prove his excessive force claim, either. This is because these documents will not establish that when Chenoweth used pepper spray on him, he did so maliciously and sadistically. Finally, Chenoweth's prior bad acts may not be used to prove up plaintiff's claim that he acted badly when he interacted with plaintiff that day. See generally Fed. R. Evid. 404(b).

Furthermore, plaintiff has more convenient, less burdensome and less expensive means to show that Chenoweth's actions towards him were malicious and not a mistake. For example, he could collect declarations from witnesses like the wheelchair-bound cellmate who was with him when the pepper spray incident occurred. Plaintiff may also obtain sworn declarations from other witnesses who observed Chenoweth mistreating plaintiff at other times.

In sum, because plaintiff's RFP 1 is overbroad and is not relevant to plaintiff's retaliation and excessive force claims, and because there are less burdensome ways for plaintiff to show that Chenoweth's treatment of plaintiff was not a mistake, plaintiff's motion to compel documents requested in his RFP 1 must be denied.

### 2. Plaintiff's RFP 4

Plaintiff's RFP 4 which asks for any logs, lists or other documentation reflecting grievances filed by HDSP inmates from March 29, 2012, to the date of defendants' response to plaintiff's production requests (see ECF No. 28 at 25) is not relevant to plaintiff's retaliation and excessive force claims and is overly broad. It is overbroad because the request falls outside the scope of plaintiff's retaliation and excessive force claims against Chenoweth. Indeed, the forced

production of all grievances filed at HDSP during the requested period would yield grievances related to anything from inmates not receiving their mail to inmates' complaints about medical treatment which, arguably, should remain private.

In addition, the request is not relevant because the production of these documents is not likely to have the tendency to make Chenoweth's retaliation against plaintiff or his use of excessive force against him more probable than it would be if these documents were not produced. See generally Fed. R. Evid. 401 (stating relevant evidence standard. For these reasons, plaintiff's motion to compel documents requested in RFP 4 will be denied.

### 3. Plaintiff's RFP 6

Plaintiff's RFP 6 asks for any and all records of training related to the use of force that has been provided to defendants from the date that each defendant became a prison employee. (See ECF No. 28 at 25). Chenoweth asserts that the request is overbroad and not relevant and that the information in his personnel files is protected by the official information privilege. (See ECF No. 30 at 5, 19-20). In addition, defense counsel declares that plaintiff has already received information related to Chenoweth's use of force training via his responses to plaintiff's interrogatories. (See id. at 5-6).

The record shows that Chenoweth has already provided some information to plaintiff regarding whether he has had use of force training. Defense counsel attests to this. (See ECF No. 30 at 7). In addition, a review of Chenoweth's responses to plaintiff's Interrogatory No. 11, indicates that when asked to "[i]dentify by name, date, duration, title and location any training [he has] received concerning [CDCR] polices and procedures on the use of force in administering pepper spray" (see id. at 28) (brackets added), Chenoweth responded as follows: "I was trained on the use of force policies at the correctional academy, and I receive annual training on use of force policies, including different use of force options, per department procedures and practice." (Id. at 28).

////

////

Plaintiff has not filed a reply indicating why Chenoweth's response to Interrogatory No. 11 regarding the extent of his use of force training is not sufficient and why actual documents verifying that he has been trained in the use of force are needed instead. For these reasons, the court finds that plaintiff's motion to compel the production of documents in RFP 6 should be denied.

## VI.    CONCLUSION

Plaintiff's motion to compel the production of documents requested in RFP 1, 4 and 6 should be denied for various reasons. In some instances, they are overbroad or are not relevant. In others, although they may be relevant to plaintiff's claims, plaintiff has not stated why similar discovery defendants have provided to him to date is insufficient. For these reasons, plaintiff's motion to compel will be denied in its entirety.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel, filed October 12, 2018 (ECF No. 28) is DENIED.

Dated: September 18, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/burt2123.mtc.den

---

[2] As a result, plaintiff's request for appointment of counsel for the limited purpose of assisting him with discovery (see ECF No. 28 at 7) is moot.